UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11CR13

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| V. | ) | **ORDER** |
| | ) | |
| LOHR E. LOVELAND, JR. | ) | |
| | ) | |
| _____ | ) | |

Pending before the Court is Defendant's Motion for Release from Custody Pending Sentencing. [# 57]. After consultation with the District Court, this Court will hold a hearing as to the issue of whether the Court should release Defendant pending sentencing because there are exceptional reasons for his release pursuant to 18 U.S.C. § 3145(c). Since the remainder of Defendant's motion seeks a review of the District Court's Order detaining Defendant pending sentencing, the District Court will separately address the issues of whether Defendant was found guilty of a crime of violence and, if so, whether he should be released pursuant to 18 U.S.C. § 3143(a)(2).

As to the issue of whether there are exceptional reasons warranting Defendant's release, the District Court has defined this term as follows:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." *See* United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir.2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.' ") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir.1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons

warranting his continued release pending sentencing. *See* United States v. Little, 485 F.3d 1210, 1211 (8th Cir.2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." *See* Lea, 360 F.3d at 403–04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). *See* United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir.2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp. 504, 508 (D.Md.1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

United States v. Vilaiphone, No. 3:08cr232, 2009 WL 412958, at *2 (W.D.N.C. Feb. 18, 2009) (Reidinger, J.); see also United States v. Teague, No. 1:09cr42, 2009 WL 3261701, at *4 (W.D.N.C. Oct. 8, 2009) (Reidinger, J.).

The Court **DIRECTS** the parties to appear for a hearing on the issue of whether there are exceptional reasons for Defendant's release on Friday, January 13, 2012, at 9:30 a.m. in Courtroom 2 of the United States District Court for the Western District of North Carolina, Asheville Division, 100 Otis Street, Asheville, North Carolina. The Court **GRANTS** Defendant's Motion for Leave to File Excess Pages [# 62] and Motion to Seal [# 60]. Pending further Order of this Court, the character letters submitted by Defendant in support of his motion [# 59] shall remain under seal.

Signed: January 10, 2012

Dennis L. Howell
United States Magistrate Judge